**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY, an Indiana Corporation )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DELI-TIME, L.L.C; an Illinois Limited Liability Company; DELI TIME PARTNERS, L.L.C.; an Illinois Limited Liability Company; SHARON BRADLEY, individually and on behalf of a class, )<br>Defendants. ) | No. 07-CV-6084 |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

NOW COME, Defendants, DELI-TIME, L.L.C., and DELI TIME PARTNERS, L.L.C. by and through their attorneys, Nicolosi & Associates, L.L.C., and in their Answer to Plaintiff's Complaint states as follows:

**INTRODUCTION**

1. This is an action for declaratory judgment to determine and resolve questions of actual controversy involving insurance coverage under a policy of insurance issued to Deli, This controversy arises out of a lawsuit brought against Deli by defendant Bradley. The lawsuit, captioned *Sharon Bradley, individually and behalf of a class v. Deli-Time, L.L.C. and Does 1-10*, Case No. 07 C 2588, is currently pending in the United State District Court for The Northern District of Illinois, Eastern Division (the "Class Action").

**ANSWER:** Defendants admit the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Hartford is an Indiana Corporation licensed to do business in Illinois.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and, therefore, they are denied.

3. Deli Time L.L.C. is an Illinois limited liability company located Schaumberg, Illinois.

1

**ANSWER:** Admit.

4. Deli Time Partners L.L.C. is an Illinois limited liability company located Schaumberg, Illinois.

**ANSWER:** Admit.

5. Bradley, upon information and belief, is a resident of Illinois.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and, therefore, they are denied.

## THE INSURANCE POLICY

6. Hartford issued policy No. 83 SBA PQ8733 SA for the period of June 16, 2006 through June 16, 2007 (referred to individually as the "06-07 Policy"). A certified copy of this policy is attached hereto as Exhibit "A."

**ANSWER:** Admit.

7. Hartford issued policy No. 83 SBA PQ8733 SA for the period of June 16, 2007 through June 16, 2008 (referred to individually as the "07-08 Policy"). A certified copy of this policy is attached hereto as Exhibit "B."

**ANSWER:** Admit.

8. The 06-07 Policy and the 07-08 Policy will be collectively referred to as "the Policy" for ease of reference. Both the 06-07 Policy and the 07-08 Policy contain the same pertinent terms and conditions.

**ANSWER:** Admit.

9. The Policy provides both business liability coverage and umbrella liability coverage.

**ANSWER:** Admit.

## THE UNDERLYING CLASS ACTION

10. On August 30, 2007, Bradley filed her Amended Class Action Complaint.

**ANSWER:** Admit.

11. A copy of the Amended Class Action Complaint is attached hereto as Exhibit "C."

**ANSWER:** Admit.

12. The Class Action seeks recovery under the Fair and Accurate Credit Transaction Act ("FACTA"), which is an amendment to the Fair Credit Reporting Act ("FCRA").

**ANSWER:** Admit.

13. According to the Amended Class Action Complaint, Deli, provided an electronically printed receipt at the point of sale or transaction, in transactions occurring Illinois after December 4, 2006, which display (a) more than the last five digits of the person's credit card or debit card number, or (b) the expiration date of the person's credit or debit card or (c) both. (Exhibit C ¶23).

**ANSWER:** Defendants admit the Amended Class Action Complaint alleges the information in Paragraph 13 of Plaintiff's Complaint; however Defendants deny any violation of 15 U.S.C. §1681c(g)(1) and demand strict proof thereof..

14. As a result of this conduct, Bradley alleges Deli violated 15 U.S.C §1681c(g)(1) which provides that

> . . . no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

**ANSWER:** Defendants admit the Amended Class Action Complaint alleges the information in Paragraph 14 of Plaintiff's Complaint; however Defendants deny any violation of 15 U.S.C. §1681c(g)(1) and demand strict proof thereof..

15. The alleged purpose of this requirement, commonly referred to as the truncation requirement, is to prevent identify theft. (Exhibit C, ¶4).

**ANSWER:** Admit.

Case: 1:07-cv-06084 Document #: 19 Filed: 12/24/07 Page 3 of 16 PageID #:32

**ANSWER:** Admit.

11. A copy of the Amended Class Action Complaint is attached hereto as Exhibit "C."

**ANSWER:** Admit.

12. The Class Action seeks recovery under the Fair and Accurate Credit Transaction Act ("FACTA"), which is an amendment to the Fair Credit Reporting Act ("FCRA").

**ANSWER:** Admit.

13. According to the Amended Class Action Complaint, Deli, provided an electronically printed receipt at the point of sale or transaction, in transactions occurring Illinois after December 4, 2006, which display (a) more than the last five digits of the person's credit card or debit card number, or (b) the expiration date of the person's credit or debit card or (c) both. (Exhibit C ¶23).

**ANSWER:** Defendants admit the Amended Class Action Complaint alleges the information in Paragraph 13 of Plaintiff's Complaint; however Defendants deny any violation of 15 U.S.C. §1681c(g)(1) and demand strict proof thereof..

14. As a result of this conduct, Bradley alleges Deli violated 15 U.S.C §1681c(g)(1) which provides that

> . . . no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

**ANSWER:** Defendants admit the Amended Class Action Complaint alleges the information in Paragraph 14 of Plaintiff's Complaint; however Defendants deny any violation of 15 U.S.C. §1681c(g)(1) and demand strict proof thereof..

15. The alleged purpose of this requirement, commonly referred to as the truncation requirement, is to prevent identify theft. (Exhibit C, ¶4).

**ANSWER:** Admit.

16. The Amended Class Action Complaint alleges that Deli "provided plaintiff and each class member with one or more electronically printed receipts on each of which defendant failed to comply with the truncation requirement." (Exhibit C, ¶32).

**ANSWER:** Defendants deny any violation of 15 U.S.C. §1681c(g)(1) and demand strict proof thereof, but admit Bradley seeks a claim against Defendants for failing to comply with the truncation requirement as alleged in Paragraph 16 of Plaintiff's Complaint.

17. In doing so, Bradley alleges that Deli "willfully disregarded FACTA's requirements and continued to use cash registers or other machines or devices that print receipts in violation of FACTA." (Exhibit C, ¶74).

**ANSWER:** Defendants deny any willful disregard of FACTA's requirements and further deny any violation of 15 U.S.C. §1681c(g)(1) and demand strict proof thereof, but admit Bradley seeks a claim against Defendants for a willful violation of FACTA as alleged in Paragraph 17 of Plaintiff's Complaint.

18. Bradley brought the Amended Class Action Complaint on behalf of herself and "over 100 persons to whom" Deli allegedly provided receipts in violation of FACTA.

**ANSWER:** Admit.

19. As a result of this willful conduct, Bradley and the rest of the class seek the maximum statutory penalty of $1,000 per class member for a total potential damages claim of over $100,000.

**ANSWER:** Defendants deny Bradley and the rest of the class have sustained any damages and further deny that Bradley and the rest of the class are entitled to any damages as alleged in Paragraph 19 of Plaintiff's Complaint, and demand strict proof thereof.

20. In addition, Bradley and the class seek its attorneys fees, litigation expenses and costs, and punitive damages.

**ANSWER:** Defendants deny Bradley and the rest of the class have sustained any damages and further deny that Bradley and the rest of the class are entitled to any damages as alleged in Paragraph 20 of Plaintiff's Complaint, and demand strict proof thereof.

21. Finally, there is a dispute as to whether Hartford has a duty to defend Deli as to the Amended Class Action Complaint. Hartford believes that the cost of the defense of Deli will exceed $50,000.

**ANSWER:** Defendants admit that there is a dispute as to whether Hartford has a duty to defend Deli as to the Amended Class Action Complaint as alleged in Paragraph 21 of Plaintiff's Complaint; however, Defendants cannot admit nor deny the belief of Plaintiff that the cost of defense of Deli will exceed $50,000 as this is not a statement of fact.

## JURISDICTION AND VENUE

22. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between Plaintiff and Defendants. The amount in controversy exceeds $75,000.00 as the underlying class action comprises over 100 alleged members seeking the statutory maximum penalty of $1000 each. In addition, this action is brought pursuant to 28 U.S.C. § 2201.

**ANSWER:** Admit.

23. Venue of this action is predicated upon 28 U.S.C. § 1391(a)(2) in that a substantial part of the events giving rise to the claim occurred in this district.

**ANSWER:** Admit.

## COUNT I
### (Business Liability and Umbrella Liability Coverage Part)
### The Amended Class Action Complaint Does not
### Allege "Bodily Injury" or "Property Damage"

24. Hartford repeats and realleges paragraphs 1 through 23 as if fully set forth herein.

**ANSWER:** Defendants repeat and reallege their answers to paragraphs 1 through 23 as if fully set forth herein.

5

25. The Policy's business liability coverage part provides the following insuring agreement:

    **A. COVERAGES**

        **1. BUSINESS LIABILITY COVERAGE (BODILY INJURY, PROPERTY DAMAGE, PERSONAL AND ADVERTISING INJURY)**

        **Insuring Agreement**

        a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit'" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply.

        We may, at our discretion, investigate any "occurrence" or offense and settle any claim or "suit" that may result.

    \*        \*        \*        \*

        b. This insurance applies:

            (1) To "bodily injury" and "property damage" only if:

                (a) The "bodily injury" or "property damage" is caused by an "Occurrence" that takes place in the "coverage territory";

                (b) The "bodily injury" or "property damage" occurs during the policy period; and

    \*        \*        \*        \*

            (2) To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

**ANSWER:** Admit.

6

26. The Policy's business liability coverage part defines "bodily injury" and "property damage" as follows:

> **G.  LIABILITY AND MEDICAL EXPENSES DEFINITIONS**
>
> \* \* \* \*
>
> 5. "Bodily injury" means physical:
>    a. Injury;
>    b. Sickness; or
>    c. Disease
>
> sustained by a person and, if arising out of the above, mental anguish or death at any time.
>
> \* \* \* \*
>
> 20. "Property damage" means:
>
>     a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
>     b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of "occurrence" that caused it.

**ANSWER:**   Admit.

27. The Policy's umbrella liability coverage part provides the following insuring agreement:

> **SECTION I - COVERAGES**
> **INSURING AGREEMENTS**
>
> **A. Umbrella Liability Insurance**
>
> 1. We will pay those sums that the "insured" becomes legally obligated to pay as "damages" in excess of the "underlying insurance" or of the "self-insured retention" when no "underlying insurance" applies, because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies caused by an "occurrence." But, the amount we will pay as "damages" is limited as described in Section IV-

7

>> LIMITS OF INSURANCE.
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Section II -- INVESTIGATION, DEFENSE, SETTLEMENT.

**ANSWER:**   Admit.

28. The definition section of the Policy's umbrella liability coverage part provides the following:

> Except as otherwise provided in this section or amended by endorsement, the words that appear in quotation marks within this policy shall follow the definitions of the "underlying insurance" policy.

**ANSWER:**   Admit.

29. By operation of the above provision, the umbrella liability coverage part incorporates by reference the definitions of "bodily injury" and "property damage" as those terms are defined and used in the business liability coverage part.

**ANSWER:**   Admit.

30. The Amended Class Action Complaint does not allege or seek the recovery of any damages because of "bodily injury" because the complaint does not allege that Bradley or any of the class members sustained any physical injury, sickness or disease.

**ANSWER:**   Admit.

31. The Amended Class Action Complaint does not allege or seek the recovery of any damages because of "property damage" because the complaint does not allege Bradley's tangible property suffered any physical injury or that Bradley lost the use of any tangible property.

**ANSWER:**   Denied.

32. Bradley's complaint, by it own terms, only seeks "statutory damages, attorney's fees, litigation expenses and costs and punitive damages."

**ANSWER:**   Denied.

33.     Therefore, Hartford has no duty to defend or indemnify Deli with respect to the Amended Class Action Complaint.

**ANSWER**:    Denied.

34.     Furthermore, Hartford has no coverage obligations to Deli under the umbrella liability coverage part.

**ANSWER**:    Denied.

35.     By reason of the foregoing, an actual controversy exists between Hartford and Deli which may be determined by a judgment or order of this Court.

**ANSWER**:    Admit.

## COUNT II
### (Business Liability and Umbrella Liability Coverage Part)
### The Amended Class Action Complaint Does not
### Allege "Personal and Advertising Injury"

36.     Hartford repeats and realleges paragraphs 1 through 23 as if fully set forth herein.

**ANSWER**:    Defendants repeat and reallege their answers to paragraphs 1 through 23 as if fully set forth herein.

37.     The Policy's business liability coverage part defines "personal and advertising injury", in pertinent part, as follows:

> **G.     LIABILITY AND MEDICAL EXPENSES DEFINITIONS**
>
> \*          \*          \*          \*
>
> 17.  "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
>
> \*          \*          \*          \*
>
> e.  Oral, written or electronic publication of material that violates a person's right of privacy.

9

**ANSWER:** Admit.

38. By operation of the provision contained in Section VII – Definitions of the umbrella liability coverage part as quoted in Paragraph 23 above, the umbrella liability coverage part incorporates by reference the definition of "personal and advertising injury" as that term is defined and used in the business liability coverage part.

**ANSWER:** Admit.

39. The Amended Class Action Complaint does not allege any "personal and advertising injury" because it contains no allegations that Deli violated the privacy of Bradley and the other class members.

**ANSWER:** Denied.

40. In fact, the Amended Class Action Complaint alleges that Deli only provided credit card information to the owner of that credit card.

**ANSWER:** Denied.

41. There are no allegations that any of the credit card information at issue was given to or came into the possession of someone other than the owner of that information.

**ANSWER:** Admit.

42. Consequently, the Amended Class Action Complaint does not contain any allegations that a person's right to privacy was actually violated by Deli's conduct.

**ANSWER:** Denied.

43. Moreover, the Amended Class Action Complaint does not allege that Deli ever published the credit card information to someone other than the owner of the credit card information.

**ANSWER:** Admit.

44. Therefore, Hartford has no duty to defend or indemnify Deli with respect to Amended Class Action Complaint.

**ANSWER:** Denied.

10

45. By reason of the foregoing, an actual controversy exists between Hartford and Deli which may be determined by a judgment or order of this Court.

**ANSWER:** Admit.

## COUNT III
### (Business Liability Coverage Part)
### The "Expected or Intended Injury" Exclusion Precludes Coverage

46. Hartford repeats and realleges paragraphs 1 through 23 as if fully set forth herein.

**ANSWER:** Defendants repeat and reallege their answers to paragraphs 1 through 23 as if fully set forth herein.

47. In Paragraph 11 of the Amended Class Action Complaint, Bradley alleges that Deli willfully violated FACTA and failed to protect plaintiff and others similarly situated against identity theft and credit card and debit card fraud by failing to comply with the truncation requirement.

**ANSWER:** Defendants admit the Amended Class Action Complaint alleges the information in Paragraph 47 of Plaintiff's Complaint; however Defendants deny any violation of 15 U.S.C. §1681c(g)(1) and demand strict proof thereof..

48. The Policy's business liability coverage part contains the following exclusion:

**B. EXCLUSIONS**

1. Applicable To Business Liability Coverage This insurance does not apply to:

   \*     \*     \*     \*

   (2) "Personal and advertising injury" arising out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury."

**ANSWER:** Admit.

11

49. To extent that this Court determines the Amended Class Action Complaint alleges "personal and advertising injury", Hartford has no duty to defend or indemnify Deli by operation because any such "personal and advertising injury" arose out of an offense committed by Deli with the expectation of inflicting such "personal and advertising injury."

**ANSWER:** Denied.

50. By reason of the foregoing, an actual controversy exists between Hartford and Deli which may be determined by a judgment or order of this Court.

**ANSWER:** Admit.

## COUNT IV
### (Business Liability Coverage Part)
### The Statutory Privacy Exclusion Precludes Coverage For
### Any Allegations of "Personal and Advertising Injury"

51. Hartford repeats and realleges paragraphs 1 through 23 as if fully set forth herein.

**ANSWER:** Defendants repeat and reallege their answers to paragraphs 1 through 23 as if fully set forth herein.

52. Bradley's Amended Class Action Complaint and request for damages is brought pursuant to FACTA.

**ANSWER:** Admit.

53. The Policy's business liability coverage part contains the following exclusion:

    **B. EXCLUSIONS**

        1. Applicable To Business Liability Coverage
           This insurance does not apply to:

        \*        \*        \*        \*

        **p. Personal And Advertising Injury**

           "Personal and advertising injury":

        \*        \*        \*        \*

>> (11) Arising out of the violation of a person's right of privacy created by any state or federal act.
>
> However, this exclusion does not apply to liability for damages that the insured would have in the absence of such state or federal act;

**ANSWER:** Admit.

54. To extent that this Court determines that the Amended Class Action Complaint alleges "personal and advertising injury" committed by Deli's violations of Bradley's right to privacy under FACTA, Hartford has no duty to defend or indemnify Deli with respect to Amended Class Action Complaint by operation of the above quoted "statutory privacy" exclusion.

**ANSWER:** Denied.

55. By reason of the foregoing, an actual controversy exists between Hartford and Deli which may be determined by a judgment or order of this Court.

**ANSWER:** Admit.

### COUNT V
### (Umbrella Liability Coverage Part)
### The Umbrella Liability Coverage Part Does Not
### Provide Coverage For Any Claims of "Personal and Advertising Injury"

56. Hartford repeats and realleges paragraphs 1 through 23 as if fully set forth herein.

**ANSWER:** Defendants repeat and reallege their answers to paragraphs 1 through 23 as if fully set forth herein.

57. The Policy's umbrella liability coverage part contains the following exclusion:

> **B. Exclusions**
>
> **This policy does not apply to:**
>
> \*          \*          \*          \*
>
> **4. Personal and Advertising Injury**

13

>"Personal and advertising Injury".
>
>EXCEPTION
>
>This exclusion does not apply if "underlying insurance" is applicable to "personal and advertising injury" and to claims arising out of that "personal and advertising injury".

**ANSWER:** Admit.

58. The umbrella liability coverage part does not provide any coverage for any claims of "personal and advertising injury" to the extent the business liability coverage part does not provide coverage for such claims.

**ANSWER:** Admit.

59. To extent that this Court determines that the Amended Class Action Complaint alleges "personal and advertising injury", and the Court further determines the business liability coverage part does not provide coverage for such claims, the umbrella liability coverage part does not provide coverage for such "personal and advertising liability".

**ANSWER:** Denied.

60. By reason of the foregoing, an actual controversy exists between Hartford and Deli which may be determined by a judgment or order of this Court.

**ANSWER:** Admit.

61. The above contentions of Hartford are, based on information and belief, disputed by Deli, which, in turn, contend that Hartford owes a duty to defend and/or indemnify Deli in connection with Bradley's Amended Class Action Complaint. Hartford, in turn, denies the contrary contentions of Deli.

**ANSWER:** Defendants admit that they dispute Hartford's contentions. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 61 and, therefore, they are denied.

14

WHEREFORE, Defendants request that this Court enter judgment in their favor, assessing costs to Plaintiff, and any other relief this court deems appropriate, just and equitable.

>Respectfully Submitted,
>
>DELI-TIME, L.L.C., and
>
>DELI TIME PARTNERS, LLC
>
>By:     s/ Michael J. Boxerman
>
>>Michael J. Boxerman
>>One of Their Attorneys

Gregory E. Cox
Nicolosi & Associates, L.L.C.
363 Financial Court, Suite 100
Rockford, IL 61107
(815) 229- 5789

Michael J. Boxerman
MARCUS BOXERMAN & CHATMAN, LLP
19 South LaSalle Street, Suite 1500
Chicago, Illinois 60603
(312) 641-2233

COUNSEL FOR DEFENDANTS
DELI-TIME, L.L.C., and
DELI TIME PARTNERS, LLC

## **CERTIFICATE OF SERVICE**

      The undersigned, an attorney, hereby certifies that on December 24, 2007, he caused a copy of this **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** to be served electronically upon the persons to whom this Notice is directed, pursuant to the Northern District of Illinois' General Order on Electronic Case Filing.

      By:   s/ Michael J. Boxerman
            Michael J. Boxerman

Gregory E. Cox
Nicolosi & Associates, L.L.C.
363 Financial Court, Suite 100
Rockford, IL 61107
(815) 229- 5789

Michael J. Boxerman
MARCUS BOXERMAN & CHATMAN, LLP
19 South LaSalle Street, Suite 1500
Chicago, Illinois 60603
(312) 641-2233

COUNSEL FOR DEFENDANTS
DELI-TIME, L.L.C., and
DELI TIME PARTNERS, LLC